**Not Designated for Publication**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 1300

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**Judgment Rendered:** **JUN 0 4 2021**

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C690534

Honorable Trudy M. White, Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Derrick Jerome Allen<br>Angola, LA | Plaintiff/Appellant<br>In Proper Person |
| Heather C. Hood<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

\* \* \* \* \* \*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**GUIDRY, J.**

Petitioner, Derrick Jerome Allen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC) at Angola State Penitentiary, appeals from a trial court judgment affirming the decision of DPSC in ARP No. LSP-2019-1577 and dismissing his petition for judicial review with prejudice. For the reasons that follow, we affirm.

On July 22, 2019, petitioner filed ARP No. LSP-2019-1577, asserting that on April 21, 2019, Lieutenant Freda Gee hit him in the head with iron keys after he refused to kiss her. Petitioner requested that certain officers be charged with malfeasance in office and that he not be harassed or retaliated against. Following an investigation, DPSC issued a first step response, noting that Lt. Gee stated that she had no knowledge of any of the mentioned events ever happening. Additionally, other officers questioned likewise had no knowledge of the incident. DPSC noted that petitioner failed to bring his complaint to the attention of any supervisors who were making rounds in the unit that day and waited until July 19, 2019, to file a complaint. Finding no evidence to support his allegations, DPSC denied his request for administrative remedy.

Thereafter, in a second step response, DPSC noted that it had considered petitioner's medical records dated April 23, 2019, where he made a self-declared emergency sick call request, complaining that an officer had hit him in the head with her keys. The results of his examination revealed no marks to his forehead or face and no bruising or swelling. Finding that medical opinion is controlling, DPSC determined that petitioner failed to provide any evidence to substantiate his allegations.[1] As such, DPSC denied his request for relief.

---

[1] DPSC also noted that any claims that Lt. Gee had taken advantage of him would not be addressed in this grievance as that claim was addressed in ARP No. LSP-2019-0827.

2

Petitioner filed a petition for judicial review of DPSC's decision on November 13, 2019, seeking reversal of DPSC's decision, another investigation of his allegations, that certain prison officers be charged with malfeasance in office, and that he not be subjected to harassment, discrimination, or retaliation for filing these proceedings. A Commissioner with the Nineteenth Judicial District court thereafter reviewed the matter and issued a report recommending dismissal of the petition for judicial review. Specifically, the Commissioner noted the administrative record demonstrated that DPSC conducted a thorough investigation into all of petitioner's allegations against Lt. Gee, interviewing multiple witnesses and conducting a PREA investigation, which investigation determined that petitioner's allegations were unsubstantiated. Additionally, the Commissioner noted that petitioner had not provided any evidence that he had experienced any harassment, discrimination, or retaliation as a result of filing this proceeding. As such, the Commissioner found:

> The burden of proof in any civil administrative appeal is with the Petitioner, and medical opinion is controlling. If the facility investigated Petitioner's grievance and made a determination that relief was not warranted based on Petitioner's failure to provide any evidence to substantiate his allegations, then this Court has no authority to reverse such decision absent evidence or arbitrary, capricious or manifestly erroneous reasoning on behalf of the Department.
>
> * * *
>
> Therefore, based on the limited scope of this Court's review and confining my review to the appellate administrative record alone as required by law, I find that the record does not support a finding that the Department was arbitrary, capricious, manifestly erroneous or in violation of Petitioner's rights when it found the evidence in the record insufficient to warrant relief to Petitioner.

Petitioner filed a traversal to the Commissioner's recommendation on April 24, 2020. Thereafter, on May 4, 2020, after a *de novo* consideration of the pleadings, together with petitioner's traversal, the trial court signed a judgment adopting the Commissioner's recommendation, affirming DPSC's decision in ARP No. LSP-2019-1577, and dismissing the petition for judicial review with prejudice.

From our *de novo* review of the entire record, we find the Commissioner was correct in her findings and determinations. Accordingly, we find no error in the district court's judgment adopting the Commissioner's recommendation and dismissing the petition for judicial review filed by petitioner.

For the foregoing reasons, we affirm the judgment of the district court. No costs are assessed in this pauper suit.

**AFFIRMED.**